USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/6/2023___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

CRC INSURANCE SERVICES, INC.,

                      Plaintiff,

      -against-

JAMES SUH,

                    Defendant.
---------------------------------------------------------------- X

Case No. 22-cv-9528 (AT)

**PROTECTIVE/CONFIDENTIALITY
ORDER**

      **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored confidentiality

order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and

documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines, in good faith, that such designation is necessary to protect

the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-

public information ("Confidential Information"). Information and documents designated by a party

as confidential will be stamped "CONFIDENTIAL."

      2.     The Confidential Information disclosed will be held and used by the person receiving

such information solely for use in connection with the action.

      3.     In the event a party challenges another party's designation of confidentiality, counsel

shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an

admission by any party that Confidential Information disclosed in this case is relevant or admissible.

Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

e. As Plaintiff and Defendant's current employer, RT are competitors doing business in the same markets, counsel may designate sensitive corporate information as "Confidential - Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Confidential - Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY -SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER. The parties should meet and confer should a dispute arise over any production which requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or

documents by him/her for any purpose other than this litigation and has enjoined the

disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the

form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not constitute a

waiver of the right to designate such document or information as Confidential Information or for

Attorneys' Eyes Only. If so designated, the document or information shall thereafter be treated as

Confidential Information or for Attorneys' Eyes Only subject to all the terms of this Stipulation and

Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers,

financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work

product protected documents or communications, electronically stored information ("ESI") or

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding. This Order shall be

interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing

contained herein is intended to or shall serve to limit a party's right to conduct a review of

documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation

of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such

information shall be filed with the Court

3

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: April 4, 2023
New York, New York


s/ *Evan B. Citron*
Evan B. Citron, Esq.
Ogletree, Deakins, Nash,
Stewart, P.C.
*Attorneys for Plaintiff*
*CRC Insurance Services, Inc.*
599 Lexington Avenue, 17th Floor
New York, NY 10022
212-492-2500
evan.citron@ogletree.com

s/ *Kenneth M. Labbate*
Kenneth M. Labbate, Esq.
Mound Cotton Wollan and Smoak &
Greengrass, LLP
*Attorneys for Defendant*
*James Suh*
One New York Plaza, 44th Floor
New York, NY 10004
(212) 804-4200
klabatte@moundcotton.com


SO ORDERED.

Dated: April 6, 2023
        New York, New York

_____
ANALISA TORRES
United States District Judge

4