**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CRC INSURANCE SERVICES, INC.,

                                    Plaintiff,                            <u>ORDER</u>

                -against-                                         **22-CV-9528 (AT) (JW)**

JAMES SUH,

                                    Defendant.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Before this Court is a motion to seal a jointly submitted letter and its
attachments. Dkt. No. 45. For the following reasons, the motion to seal **GRANTED**.

## BACKGOUND[1]

    Plaintiff CRC Insurance Services, Inc. ("Plaintiff") filed their complaint on
November 8, 2022, alleging, *inter alia*, breach of contract, misappropriation of
confidential information and trade secrets, tortious interference with business
relations, and conversion. Dkt. No. 1, at 1. The parties filed the instant motion on
July 24, 2024, a motion to seal a joint letter requesting a discovery conference and its
attachments ("Joint Letter"). Dkt. No. 45.

## LEGAL STANDARDS

    It is well established that there is a presumption of public access to judicial
documents and the Court must find that the presumption has been overcome before
sealing or redacting a document. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110,

---

[1] The Court presumes familiarity with the facts of this action and only states those necessary to resolve
the instant motion.

119-20 (2d Cit. 2006). The Second Circuit has articulated a three-step test for determining whether the presumption of public access is overcome. <u>Id.</u> First, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process." <u>Id.</u> Next, if the documents are judicial documents, the Court determines the "weight" of the presumption of public access. <u>Id.</u> At 119. Finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." <u>Id.</u> At 119-20. The assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis. <u>See, e.g., Brown v. Maxwell</u>, 929 F. 3d 41, 48 (2d Cir. 2019).

## DISCUSSION

The Court must first determine whether the Joint Letter is a "judicial document." <u>Lugosch</u>, 435 F.3d at 119-20. A "judicial document" is a filing relevant to the performance of the judicial function and useful in the judicial process. <u>Id.</u> (citing <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir.1995)). The Joint Letter is a motion requesting a discovery conference to resolve Plaintiff's request to extend fact discovery as well as several attachments. A letter in connection with discovery compliance is a "judicial document." <u>See Samsung Elecs. Co. v. Microchip Tech. Inc</u>., No. 24-MC-00269 (GHW), 2024 WL 4169353, at *3 (S.D.N.Y. Sept. 12, 2024) (motion to compel is a judicial document); <u>Brown</u>, 929 F. 3d at 50 (motion to compel and to quash subpoenas are judicial documents). Accordingly, the Joint Letter is a "judicial

document" and a strong presumption of access attaches to it, under both "common law and the First Amendment." <u>Lugosch</u>, 435 F.3d at 120.

Next, the Court must determine the weight of the presumption of public access. <u>Id.</u>, at 119. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of … judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a *continuum* from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." <u>Amodeo</u>, 71 F.3d at 1049 (emphasis added). Lugosch explained the "continuum" as follows:

> [I]n discussing the continuum along which the strength of the presumption will be measured, we explained that where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches. <u>Amodeo</u>, 71 F.3d at 1049. Moving down the continuum, away from "matters that directly affect an adjudication" and towards "matters that come within a court's purview solely to insure their irrelevance," we explained that "the weight of the presumption declines." <u>Id.</u> Considering briefly what might fall into the middle of the continuum, we noted that "[o]ne judge has pointed out, for example, that where a district court 'denied the summary judgment motion, essentially postponing a final determination of substantive legal rights,' the public interest in access 'is not as pressing.'" <u>Id.</u> (quoting <u>In re Reporters Comm. for Freedom of the Press</u>, 773 F.2d 1325, 1342 n. 3 (D.C. Cir. 1985) (Wright, J., concurring in part and dissenting in part)). At the low end of the continuum, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." <u>Id.</u> at 1050.

<u>Lugosch</u>, 435 F.3d at 121. The <u>Lugosch</u> court held that "judicial document" at issue, material supporting a motion for summary judgment, should be afforded the

"highest" weight because the motion was potentially dispositive. Id., at 123. Conversely, "judicial document[s]" that have "little or not discernable relationship to the resolution" of the "issue the court is being called upon to decide" are given "limited" or "low" weight. Banco Santander (Brasil), S.A. v. Am. Airlines, Inc., 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020). In the middle of the "continuum" is a "judicial document" that is entitled to "modest" weight, such as a discovery motion, because resolving a discovery motion does not involve analyzing the merits of the claims. In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (citing Royal Park Investments SA/NV v. Deutsche Bank Natl. Tr. Co., 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016)). The Joint Letter concerns discovery. Accordingly, the Joint Letter is only entitled to "modest" weight. Id.

Finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 119-20. The parties seek the sealing of the Joint Letter and its attachments because they "contain proprietary and confidential information as well as information about settlement discussions." Dkt. No. 45. After reviewing the Joint Letter and its attachments, the Court finds that the proposed sealing request is narrowly tailored to prevent unauthorized dissemination of confidential business information, and the protection of that information outweighs the public's right to access. See, e.g., Samsung Elecs. Co. v. Microchip Tech. Inc., No. 24-mc-00269 (GHW), 2024 WL 4169353, at *3 (S.D.N.Y. Sept. 12, 2024); Fairstein v. Netflix, Inc., No. 20-

cv-08042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023).  (granting request to seal proprietary and confidential materials about business operations); <u>Kewazinga Corp. v. Microsoft Corp.</u>, No. 18-CV-04500 (GHW), 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential technical information).

**CONCLUSION**

For the abovementioned reasons, the motion to seal the Joint Letter and its attachments on Dkt. No. 46 is **GRANTED** and all the documents filed by the parties under seal shall remain under seal.

**The Clerk of Court is respectfully requested to close Dkt. No. 45.**

SO ORDERED.

DATED:    New York, New York
          February 19, 2025

_Jennifer E. Willis_
_____
JENNIFER E. WILLIS
United States Magistrate Judge